**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT )<br>30 North Gould Street )<br>Suite 12848 )<br>Sheridan, WY 82801 )<br> )<br>    Plaintiff, )<br> v. )<br> )<br>UNITED STATES DEPARTMENT OF ENERGY )<br>1000 Independence Avenue, S.W. )<br>Washington, D.C. 20585 )<br> )<br>    Defendant. ) | Case No. 26-cv-11 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO"), for its Complaint against defendant UNITED STATES DEPARTMENT OF ENERGY ("ENERGY" or "DoE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for all available statutory relief, including but not limited to declaratory and injunctive relief, and an order requiring the defendant to begin processing and release of agency records responsive to Plaintiff's FOIA request.

2. In an October 1, 2025 request, plaintiff sought certain described records of compelling and timely public and public-policy interest, following news reports that the administration was "banning words like 'climate change'" from certain public-facing communications.

3. DoE has failed to comply with the express terms of FOIA. This includes (but is not limited to) the Department's failure to make a "determination" as defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("CREW") on Plaintiff's request and on Plaintiff's requests in the alternative for fee waivers.

## PARTIES

4.  Plaintiff GAO is a nonprofit research, public policy and public interest educational center organized under the laws of the State of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

5.  Defendant DoE is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to and 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B) to review DoE's compliance with FOIA, for reasons including but not limited to DoE's failure to comply with the statutory deadline for making a determination in response to plaintiff's FOIA Request.

7.  Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8.  Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because the defendant has failed to make a timely "determination" as that term is defined in *CREW*, 711 F.3d at 188; see also e.g., *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020).

## PLAINTIFF'S FOIA REQUEST

9.  On October 1, 2025, Plaintiff submitted by internet portal a FOIA request to Defendant seeking copies of all correspondence over a six-day period of time of any of four custodians containing one or more of six keywords. Plaintiff's request excluded as non-responsive news "clippings" and other such mass-emailed materials.

10. FOIA.gov assigned this request the confirmation ID of 2428151.

11. Defendant has not issued a determination in response to the plaintiff's request.

12.  The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

13. 5 U.S.C. § 552(a)(6)(A) prescribes that FOIA's 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

14. Neither of those scenarios are applicable to DoE's actions in the instant matter. Therefore, defendant tolled no relevant statutory deadlines.

15. FOIA is a statutory obligation of all covered agencies, such that DoE owed Plaintiff this determination on Plaintiff's request no later than October 30, 2025. Even accepting, *arguendo*, a claim that the recent partial shutdown of federal government operations somehow stayed or tolled those obligations, DoE owed Plaintiff this determination on no later than December 12, 2025.

16. On January 2, 2026, Defendant inquired whether plaintiff had any interest in further narrowing this request for correspondence covering a six-day period to avoid, e.g., a claim that the request is unduly burdensome.

17. Plaintiff responded by inquiring into the number of potentially responsive records, stating that "[t]hat number will inform a decision whether any narrowing is needed or beneficial/whether the agency has reason to raise the unduly burdensome issue, and also whether the agency has internally satisfied its FOIA obligations of conducting the initial search for potentially responsive records, the results of which we have not received."

18. Defendant responded by stating that, as a general matter, further narrowing reduces the number of potentially responsive records. Defendant did not indicate that it had actually conducted a search or actually had determined that plaintiff's request was burdensome or unclear as drafted.

19. Plaintiff responded by stating that it "stand[s] on the request as written and submitted, covering six days. We repeat our request for the required *CREW* response including, e.g., the number of potentially responsive records."

20. Notwithstanding its legal obligations, DoE has provided no substantive response or "determination" with respect to any aspect of the request.

21. DoE is now past its statutory period for issuing a determination on the request at issue.

## FIRST CLAIM FOR RELIEF
### Duty to Provide Records

22. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. This count relates to Plaintiff's ultimate entitlement to the record at issue under FOIA and Defendant's failure to provide the required determination.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official Government activity.

25. Plaintiff has the statutory right to the information it seeks and the Energy Department has unlawfully withheld the information and otherwise failed to respond as required.

26. Plaintiff has a statutory right to a fee waiver under FOIA and the Energy Department has unlawfully failed to grant such a waiver.

27. Plaintiff is not required to further pursue administrative remedies.

28. Plaintiff is entitled to injunctive relief compelling the Energy Department to produce the records responsive to the FOIA request described herein, and to further injunctive relief prohibiting the Department from charging fees for the record at issue.

29. Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to the records responsive to its FOIA request as described above, but that DoE has failed to provide the described records;

b. DoE's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy the Department's obligations under FOIA;

c. DoE must now produce records responsive to Plaintiff's request, within twenty business days of the date of the order; and

d. DoE must waive any fees that would otherwise be required to produce the records described herein.

30. Plaintiff asks the Court to order the Parties to consult regarding the withheld documents and to file a status report to the Court within thirty days after plaintiff receives the produced documents, addressing the Energy Department's preparation of a *Vaughn* log, and a briefing

schedule for resolution of remaining issues associated with plaintiff's challenges to the Energy Department's withheld information, if any, and any other remaining issues.

## SECOND CLAIM FOR RELIEF
### Costs And Fees

31. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any FOIA case in which the complainant has substantially prevailed.

33. This Court should enter an injunction, judgment, or other appropriate order requiring the defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

A. Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B. Declare defendant has violated FOIA by failing to provide Plaintiff with its required determinations, on either the FOIA request itself or the plaintiff's requests in the alternative for fee waiver;

C. Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

D. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 5th day of January, 2026,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com